Titus, J.
This action is brought to recover damages sustained by the plaintiffs, by reason of the action of the defendant in building a railroad track in a public street in this-city.
The plaintiffs are the owners in fee of a piece of land on the north side of Water street, abutting and extending along the north line of Water street from Commercial street, to Maiden lane. The city has acquired the fee to the street, and the plaintiffs’ land is bounded by the line of the street. Water street is sixty-six feet wide, with a roadway of forty-two feet, and a sidewalk on each side twelve feet wide. The-defendant obtained a grant from the common council to lay its tracks in Water street on a certain grade above the street-level; the grade and the laying of the tracks by the defendant were in accordance with the terms of the grant from the city, and with the approval of the city engineer.
The obstruction complained of is an embankment running along the center of Water street twenty-four feet wide, leaving nine feet of roadway on each side; the embankment, is between five and six feet high, and supported by vertical walls of masonry; the erection is used exclusively by the defendant as a railroad bed, the public occupying the nine-feet of roadway on either side.
The plaintiff, in the trial court, obtained a judgment supposed to represent the depreciation in value of his property, by reason of the construction of the embankment by the-defendant in front of plaintiff’s premises.
It is claimed by the defendant that it is not liable for damages. That the plaintiff has no such right in the street as will entitle him to maintain this action; and, in any event, the wrong measure of damages was adopted by the court, and that the diminished value of the use of the property, up to the time of the commencement of the action, can only be recovered.
We cannot agree in this view of the case, or that the- *735 learned counsel is right in his statement of the measure of the damages. We are of the opinion that, notwithstanding the action of the city authorities in making the grant, the defendant is hable to the plaintiff for the injury to his property in appropriating the street, and depriving him of the full and free access thereto. Story v. New York Elevated R. R. Co., 90 N. Y., 122. If the city may, by a grant to a railroad company, authorize it to create a barrier completely shutting out the public from the use of more than one-half of the street, it may, by exercise of the same authority, permit a railroad company to appropriate to its exclusive use two-thirds, and finally the whole of it, which no one will claim it can do without the consent of abutting land owners.
In the Strong Case, aside from the fact in that case that the city of New York conveyed the lands in question to the plaintiff’s grantor, and thereby dedicated the street to public use, and the “easement in the street became an integral part of the estate,” the court held in substance that at common law the right of access to his property and to light and air would entitle him to maintain an action restraining the defendant from erecting an elevated railroad in front of his premises in the public street. On the question of the measure of damages, this case is clearly distinguishable from the case of Uline v. N. Y. C. and H. R. R. R. Co. (4 East. Rep., 30).
In that case the roadway of the street was not appropriated and not seriously interfered with; the grade of the street was slightly raised, but was in such condition that the public had access to and could use every part of it for the ordinary purposes of a highway. It was not an appropriation of the street to railroad purposes in any sense.
The facts in the case under consideration are quite different. The defendant, so far as the city could grant, acquired an absolute, irrevocable and perpetual right of way, the right to construct and maintain the embankment in the manner in which it was done. It occupies twenty-four feet along the center of the roadway, to the exclusion of the plaintiff and the public. The structure is permanent in character; it substantially closes the street to public traffic, and to all intents and purposes cuts off access to the plaintiff’s land from the street.
It cannot be said that such a structure is temporary. Railroads are built for all time, and their structure are of such a character that they will remain as long as railroads are to be used, and are permanent as distinguished from mere temporary erections.
We think in this case the preponderance of damages is the depreciation of the plaintiff’s property by reason of *736 erecting this embankment, and that no error was committed in allowing him to recover on such measure.
We are of the opinion, however, that error was committed by the court in permitting the witness for the plaintiff, in estimating the plaintiff’s damages, to take into account his loss of business and inconvenience from noise and smoke incident to running the cars in operating the road. How much this may have affected the jury and operated upon their minds in determining their verdict, it is difficult to say; but as the witnesses based their conclusions upon these matters not proper to be taken into account in fixing the amount of the plaintiff’s damages, we think such an error was committed as that the judgment must be reversed and a new trial ordered, with costs to abide the event.